UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JERRY RAY GRINSTEAD, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 2:18-cv-00029-WTL-DLP |
| WARDEN, | ) ) ) | |
| Respondent. | ) ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Jerry Ray Grinstead brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Indiana convictions for murder, theft, and other related crimes. For the reasons explained below, his habeas petition must be denied as untimely. In addition, the Court concludes that a certificate of appealability should not issue.

**The Petition for a Writ of Habeas Corpus**

**I.
Background**

Mr. Grinstead was convicted of murder, theft, and other related crimes, and he was sentenced to a total term of 108 years. His convictions were ultimately affirmed by the Indiana Supreme Court on July 22, 1997. *See Grinstead v. State*, 684 N.E.2d 482, 483 (Ind. 1997) ("*Grinstead I*").

Mr. Grinstead filed a *pro se* petition for post-conviction relief on February 4, 2000. His post-conviction petition was denied, but the Indiana Court of Appeals reversed on September 23, 2004. It concluded that trial counsel provided ineffective assistance and ordered a new trial. The Indiana Supreme Court granted the State's petition to transfer. It held that trial counsel did not

provide ineffective assistance, but that appellate counsel did by failing to raise an available Double Jeopardy claim regarding Mr. Grinstead's theft conviction. *See Grinstead v. State*, 845 N.E.2d 1027, 1038 (Ind. 2006) ("*Grinstead II*"). Mr. Grinstead's theft conviction was vacated, but his murder-related convictions remained.

On October 13, 2017, Mr. Grinstead filed in state court a motion for authorization to file a successive post-conviction petition. His request for authorization was denied on December 17, 2017.

Mr. Grinstead filed the instant petition for a writ of habeas corpus with this Court on January 18, 2018.

## II.
## Discussion

Mr. Grinstead raises several challenges to his remaining convictions in his habeas petition. The respondent argues that Mr. Grinstead's habeas petition must be denied as untimely. The Court concludes that Mr. Grinstead's habeas petition is untimely and must be dismissed with prejudice.

Habeas petitions brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d). The one-year period "runs from the latest of four specified dates" in § 2244(d). *Gonzalez v. Thaler*, 565 U.S. 134, 148 (2012) (citation and alterations omitted). Applicable here is § 2244(d)(1)(A), which states that the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). This leaves two options for when a judgment becomes final. "For petitioners who pursue direct review all the way to th[e] [United States Supreme] Court, the judgment becomes final . . . when th[e] [United States Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez*, 565 U.S. at 150 (quotation marks omitted).

"For all other petitioners, the judgment becomes final . . . when the time for pursuing direct review in th[e] [United States Supreme] Court, or in state court, expires." *Id.* (quotation marks omitted). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

As noted above, on July 22, 1997, the Indiana Supreme Court affirmed Mr. Grinstead's direct appeal. *See Grinstead I*, 684 N.E.2d at 483. He did not file a petition for certiorari with the United States Supreme Court, so his conviction became final when the time for doing so expired. *See Gonzalez*, 565 U.S. at 150. Rule 13 of the *Rules of the Supreme Court of the United States* provides ninety days after the entry of judgment to petition for certiorari. This ninety-day period expired, and thus Mr. Grinstead's conviction became final, on October 20, 1997.

Mr. Grinstead had a year—until October 20, 1998—to either file his federal habeas petition or to file for post-conviction relief in state court, the latter of which, while pending, does not count "toward [the] period of limitation." 28 U.S.C. § 2244(d)(2); *see Socha v. Boughton*, 763 F.3d 674, 681 (7th Cir. 2014). Mr. Grinstead did neither on time. Instead, Mr. Grinstead did not file his petition for post-conviction until February 4, 2000, which is more than one year after the one-year limitations period expired. The fact that Mr. Grinstead eventually filed for state post-conviction relief—and more recently applied for authorization to file a successive post-conviction petition—is irrelevant; a pending state-court collateral challenge only pauses the clock, and Mr. Grinstead's clock had already expired. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007).

Mr. Grinstead argues that he can overcome any procedural default based on the *Martinez-Trevino* doctrine recognized by the Seventh Circuit in *Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017). But *Brown* is inapplicable here. That case addressed whether a procedural default can be

overcome due to the ineffectiveness of post-conviction counsel. *See id.* at 506. Procedural default and the statute of limitations are separate and distinct procedural bars to federal habeas relief. *Brown* discussed a mechanism to overcome a procedural default, but does not assist petitioners like Mr. Grinstead whose claims are barred by the statute of limitations. Accordingly, *Brown* does not help Mr. Grinstead overcome the untimeliness of his habeas petition.

In sum, Mr. Grinstead's one-year statute of limitations ran on October 19, 1998. His state post-conviction petition was not filed until February 4, 2000, which is after the limitations period had already expired. Moreover, Mr. Grinstead does not contend that he is entitled to equitable tolling on any basis. Therefore, Mr. Grinstead's petition for a writ of habeas corpus must be dismissed with prejudice.

### III.
### Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mr. Grinstead has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to habeas. His petition for a writ of habeas corpus is therefore denied with prejudice.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/7/18

_William T Lawrence_

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

JERRY RAY GRINSTEAD
882770
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

James Blaine Martin
INDIANA ATTORNEY GENERAL
james.martin@atg.in.gov